<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL BROOKS, : <br> Plaintiff, : <br> v. : <br> LARRY GLOVER, etc., et al., : <br> Defendants. : | Civil No. 10-5289 (DMC) <br><br> <u>**OPINION**</u> |

**APPEARANCES:**

    MICHAEL BROOKS, 798938B
    Northern State Prison
    P.O. Box 2300
    Newark, NJ  07114

**CAVANAUGH**, District Judge:

    Plaintiff, Michael Brooks, a prisoner incarcerated at Northern State Prison ("NSP"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint, and decline to exercise supplemental jurisdiction over claims arising under state law.

## I. BACKGROUND

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by Gary Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), Larry Glover, Administrator of NSP, Doctor Garcia and Nurse Jeffers. Plaintiff asserts:

> On 4/24/10 1-Wing cell # 312 the Plaintiff sustained physical injuries due to defendants failure to enforce rules under N.J.A.C. 10:A Code, which caused violation of plaintiff's due process rights and equal protection of the law under 14th Amend. and caused plaintiff to suffer cruel and unusual punishment and emotional distress under the 18th Amend. D[ue] to defendant's deliberate indifference by placing violent psychotic mental special needs inmate into double lock with plaintiff in violation of N.J.A.C. 10:A which caused plaintiff to re-injure back which had been surgically repaired in 2009, plaintiff was violently pulled from his bunk while he slept. Defendant's had personal knowledge as to this inmate's mental health issue's at (NSP) for the last past 3 years and up to this unprovoked attack upon plaintiff did nothing to protect other inmates which led to plaintiff finally being victimized as he slept unaware of the danger he was in 1st defendant Gary Lanigan, as N.J.D.O.C. in his official position and in his individual capacity acting under color of state on 4/24/10.

(Dkt. 1 at 5.)

For violation of his constitutional rights, Plaintiff seeks punitive and compensatory damages. (Dkt. 1 at 6.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> allegations. When there are well-pleaded factual allegations, a
> court should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal]
> pleading regime . . . , a court must take three steps: First, the court
> must "tak[e] note of the elements a plaintiff must plead to state a
> claim." Iqbal, 129 S. Ct. at 1947. Second, the court should
> identify allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of truth." Id. at
> 1950. Finally, "where there are well-pleaded factual allegations, a
> court should assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A. Failure to Protect

Plaintiff asserts that on April 24, 2010, his cell mate "violently pulled [him] from his bunk while he slept," which re-injured Plaintiff's back after surgery in 2009. Plaintiff alleges that the commissioner is liable under § 1983 because he failed to enforce provisions of the New Jersey Administrative Code, "while having full knowledge acting with deliberate indifference allowed plaintiff to be placed in dangerous environment on 4/24/10 after another inmate with known history of [mental illness.]" (Dkt. 1 at 4.) Plaintiff maintains that the administrator of NSP is liable because he failed to follow policy. (Id.) This Court construes Plaintiff's allegations as an attempt to state a failure to protect claim under the Eighth Amendment.

The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates," Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)), which includes protecting "prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F. 3d 742, 746 (3d Cir. 1997) (citation omitted). To state a failure to protect claim under § 1983, an inmate must assert facts showing: (1) he is objectively "incarcerated under conditions posing a substantial risk of serious harm;" (2) defendant subjectively "knows of and disregards an excessive risk to inmate health or safety;" and (3) causation. Farmer, 511 U.S. at 837.

5

Plaintiff's allegations do not satisfy the objective component because he does not allege facts showing that he was incarcerated under conditions posing a substantial risk of serious harm. Plaintiff alleges that a "violent psychotic mental special needs inmate" was double-locked with Plaintiff, but he asserts only one incident and the objective component of a failure to protect claim cannot generally be satisfied by allegations of a single incident. See Riley v. Jeffes, 777 F. 2d 143, 147 (3d Cir. 1985). Plaintiff's allegations do not show that this mentally ill inmate was more dangerous than any other mentally ill inmate housed at NSP, and Plaintiff's allegations are consistent a conclusion that the assault was unanticipated even by Plaintiff himself.

Nor do Plaintiff's allegations show that any of the named defendants knew of and consciously disregarded the risk that Plaintiff's cell mate would violently pull Plaintiff from his bunk while he slept or otherwise violently assault Plaintiff. For example, Plaintiff does not allege that he complained to any named defendant about any specific threat or risk posed by this cell mate, or that he requested protection or a transfer to a different cell prior to the incident. Plaintiff asserts no facts supporting the conclusion that any named defendant was subjectively aware that this particular cell mate was more dangerous than any other inmate. See Farmer, 511 U.S. at 835 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [unconstitutional] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official who "mistakenly believed that the situation was not particularly serious" did not deprive inmate of a liberty interest); Daniels v. Williams, 474 U.S. 327 (1986) (due process is not implicated by a state official's negligent act causing injury to an inmate). Under these circumstances, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

However, it is conceivable that Plaintiff simply neglected to assert facts supporting the conclusions that he was incarcerated under conditions posing a substantial risk of serious harm and that one or more defendants knew of and deliberately disregarded that risk. This Court will therefore grant Plaintiff 30 days to file an amended complaint stating a failure to protect claim.[2]

B. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental

---

[2] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the specific portion of the original complaint is specifically incorporated in the amended complaint. See 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1476 (1990) (footnotes omitted). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285. In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V. CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims in the Complaint, and decline to exercise supplemental jurisdiction.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: July 26, 2011